UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN BURNHAM, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:24-cv-00258-JAW |
| | ) |
| PORTLAND HOUSING AUTHORITY et al., | ) |
| | ) |
|       Defendants | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

One day after his prior complaint against the Portland Housing Authority and the Maine State Housing Authority was dismissed for failing to state a claim, *see Burnham v. Portland Hous. Auth.*, No. 2:24-cv-00196-JAW, 2024 WL 3045212 (D. Me. June 18, 2024) (rec. dec.), *aff'd*, 2024 WL 3440308 (D. Me. July 16, 2024), Dustin Burnham initiated this duplicative action against the same defendants, *see* Complaint (ECF No. 1).

I granted Burnham's motion to proceed in forma pauperis, *see* ECF No. 6, so his new complaint is before me for preliminary review, *see* 19 U.S.C. 1915(e)(2)(B). Burnham's new complaint does nothing to remedy the shortcomings that precipitated the dismissal of his previous complaint—if anything, Burnham offers even fewer pertinent details than before. *See* Complaint at 4-9. Accordingly, I recommend that the Court **DISMISS** his new complaint for same reasons it dismissed his previous complaint. *See Burnham*, 2024 WL 3045212, at *1. Given the duplicative nature of this matter and Burnham's failure to engage with the Court's reasons for dismissing

1

his previous complaint, I also recommend that the Court **WARN** him that his ability to file new actions in this Court may be restricted if he continues to file meritless complaints. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: July 19, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge