UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN BURNHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORTLAND HOUSING AUTHORITY )<br>et al., )<br>)<br>Defendants. ) | No. 2:24-cv-00258-JAW |

**ORDER ON RECOMMENDED DECISION AND "*COK*" WARNING**

The court affirms the magistrate judge's recommended decision to dismiss a pro se plaintiff's complaint against a municipal and state housing authority because the plaintiff is attempting to relitigate the same complaint against the same parties as in a recently dismissed action. The court dismisses the newly filed complaint with prejudice and, in accordance with First Circuit law, warns the plaintiff against any future filings attempting to relitigate the same issues against the same defendants. The court also cautions the plaintiff against filing another civil action without having first demonstrated that he has exhausted his administrative remedies.

**I.    BACKGROUND**

   **A.    Dustin Burnham's July 17, 2024 Complaint**

On July 17, 2024, Dustin Burnham, acting pro se, filed a complaint in the United States District Court for the District of Maine against the Portland Housing Authority (PHA) and the Maine State Housing Authority (MSHA), alleging that the PHA and the MSHA engaged in housing discrimination because he "want[s] [his]

housing choice voucher." *Compl.* at 4 (ECF No. 1). In his Complaint, Mr. Burnham explains that he has been "living at Portland housing authority for 5 to 7 years," that he wants "to use my section 8 voucher, housing choice voucher," that he wants "to use my HUD, Housing urban development to buy my mortgage," and that he wants "to use my HAP, Housing Assistance Payment to buy my mortgage." *Id.* at 9. Mr. Burnham says that he will "buy my mortgage for 20 years and pay 30 percent of my income and be matched 70 percent of my income by 'HUD' Housing urban development for 15 years and use my 'HAP' Housing Assistance payment forever because the HAP never turns off for the rest of my life." *Id.* Mr. Burnham writes that he stands "ready to purchase my home for around 450,000 … Dollars to 650,000 … Dollars for a 20-year mortgage using the above resources." *Id.* Mr. Burnham states that he is "willing to bring any mortgage company to court to purchase my home with the above resources." *Id.*

### B.     The Magistrate Judge's July 19, 2024 Recommended Decision

On July 19, 2024, after approving Mr. Burnham's motion to proceed *in forma pauperis*, the Magistrate Judge screened his Complaint and issued a recommended decision. *See Order Granting Mot. to Proceed Without Prepayment of Fees and Costs* (ECF No. 6); *Recommended Decision After Prelim. Review* (ECF No. 7) (*Recommended Decision*). In the Recommended Decision, the Magistrate Judge noted that just one day after the Court had dismissed Mr. Burnham's prior complaint against the PHA and the MSHA, Mr. Burnham commenced a "duplicative action against the same defendants." *Recommended Decision* at 1. The Magistrate Judge wrote that Mr.

Burnham's "new complaint does nothing to remedy the shortcomings that precipitated the dismissal of his previous complaint—if anything, Burnham offers even fewer pertinent details than before." *Id.* (citing *Burnham v. Portland Hous. Auth.*, No. 2:24-cv-00196-JAW, 2024 WL 3045212 (D. Me. June 18, 2024) (rec. dec.), *aff'd*, 2024 WL 3440308 (D. Me. July 16, 2024). The Magistrate Judge recommended that the Court issue Mr. Burnham a warning pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34-35 (1st Cir. 1993) that his right to file new actions in this Court may be restricted if he continued to file meritless complaints. *Id.* at 1-2.

### C. Objection

Mr. Burnham had fourteen days from the date he was served with a copy of the Magistrate Judge's recommended decision to file an objection to it. *Id.* at 2. Mr. Burnham failed to object to the Magistrate Judge's recommended decision. At the end of her opinion in italics and in bold, the Magistrate Judge notified Mr. Burnham of his time-limited right to object to the recommended decision and the potential waiver if he failed to do so. *Id.*

## II. DISCUSSION

### A. The Recommended Dismissal

#### 1. Dustin Burnham's May 29, 2024 Complaint

To begin, the Court turns to Mr. Burnham's May 29, 2024 Complaint (ECF No. 1) against the Portland Housing Authority and the Maine State Housing Authority. *Burnham v. Portland Hous. Auth.*, No. 2:24-cv-00196-JAW. Mr. Burnham's May 29, 2024 Complaint contained almost no allegations against either the PHA or the

3

MSHA, and so on June 11, 2024, the Magistrate Judge ordered Mr. Burnham to file an amended complaint by June 25, 2024, describing with specificity the gravamen of his Complaint. *Order* (ECF No. 7).

On June 14, 2024, Mr. Burnham filed a document that the Court treated as an Amended Complaint. *Am. Compl.* at 1-5 (ECF No. 8). In that document, Mr. Burnham said that he filed the case because he wants his "Housing Choice Voucher" and he had been with PHA for around seven years in the same building. *Id.* at 1. Mr. Burnham explained that he "hate[s] the building" and that he has "asked to move." *Id.* He alleged that the PHA had lied to him about the unavailability of other housing openings and his preselection for a housing choice voucher. *Id.* He accused the PHA of lying to him about the selection process for a housing choice voucher and where he stands on the waitlist. *Id.* at 1-2. Mr. Burnham wrote that all he was seeking in the lawsuit is a housing choice voucher so that he can buy his home and build a respectful life. *Id.* at 2.

Mr. Burnham attached to his Amended Complaint a February 10, 2023 letter from the Maine Section 8/HCV Participating Housing Authorities, informing him that his preliminary application had been received and that his eligibility and the final acceptance of his application would be determined when his application reached the top of the waiting list. *Id.* at 4. Mr. Burnham also attached a memorandum from MaineHousing of the MSHA describing the housing choice voucher program. *Id.* at 5.

### 2. The Magistrate Judge's June 18, 2024 Recommended Decision

On June 18, 2024, the Magistrate Judge screened Mr. Burnham's Amended Complaint and recommended that the Court dismiss it. *Recommended Decision After Prelim. Review* at 1-3 (ECF No. 9). Despite expressing sympathy for Mr. Burnham, the Magistrate Judge wrote that she "fail[ed] to discern a viable claim in his amended complaint." *Id.* at 2. She noted that Mr. Burnham had "not specified which of his rights were violated by the Defendants despite [her] instruction to do so, and his allegations remain too vague to state a plausible claim of relief." *Id.* Even if the Magistrate Judge were able to read a constitutional claim into his allegations, she observed that there is no indication that he had exhausted administrative remedies. *Id.*

### 3. Dustin Burnham's June 25, 2024 Objection

On June 25, 2024, Mr. Burnham objected to the Magistrate Judge's recommended decision. *Pl.'s Obj. to Recommended Decision* at 1-3 (ECF No. 10). In his objection, Mr. Burnham explained the conditions he was seeking for his Section 8 voucher, including the type of residence he wished to purchase and his preferred mortgage terms. *Id.* at 1. He did not, however, explain the legal bases for his Amended Complaint nor did he address exhaustion of administrative remedies. *Id.* at 1-3.

### 4. The July 16, 2024 Order Affirming Recommended Decision

On July 16, 2024, this Court issued an order affirming the Magistrate Judge's recommended decision over Mr. Burnham's objection. *Order Affirming the Recommended Decision of the Mag. J.* at 1-2 (ECF No. 11).

### 5. The July 17, 2024 Judgment

On July 17, 2024, the Clerk's Office issued a judgment of dismissal. *J. of Dismissal* at 1 (ECF No. 12). Mr. Burnham did not appeal the judgment and it is now final.

### 6. Dustin Burham's July 17, 2024 Complaint

As the description of the disposition of his June 14, 2024 Amended Complaint reveals, Mr. Burnham filed a new complaint against exactly the same parties based on the same, even sparser, allegations that the Court had just dismissed. Since his new Complaint is identical to his old dismissed Amended Complaint, there is no reason it should not meet the same fate, and the Court therefore affirms the Magistrate Judge's Recommended Decision and dismisses Mr. Burnham's newly filed Complaint.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), a court has the authority to dismiss a civil action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, as Mr. Burnham has filed two identical, frivolous complaints against the same defendants, the Court orders that the dismissal of his newly filed complaint be with prejudice.

B.   *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993)

In 1993, the Court of Appeals for the First Circuit addressed a trial court's authority to "regulate the conduct of abusive litigants." *Cok*, 985 F.2d at 34. In *Cok*, the First Circuit ruled that filing restrictions "must be tailored to the specific circumstances presented." *Id.* Also, the *Cok* Court commented that before filing restrictions were imposed, the trial court should "give[] notice that filing restrictions were contemplated." *Id.* at 35.

Here, consistent with *Cok*, the Court is warning Dustin Burnham that "filing restrictions may be in the offing in response to groundless litigation." *Id.* Mr. Burnham is attempting immediately to relitigate complaints previously resolved against him. If he persists and files any other actions based on allegations that the PHA and/or the MSHA violated his alleged right to a housing choice voucher, the Court is likely to restrict his right to file any future civil actions against PHA and/or the MSHA based on this same theory. Furthermore, if Mr. Burnham files another civil action without having demonstrated that he has exhausted his administrative remedies, the likelihood of the imposition of a filing restriction will be increased.

### III.   CONCLUSION

Having performed a de novo review of the entire record and all matters adjudicated by the Magistrate Judge, the Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in her recommended decision and determines no further proceeding is necessary. The Court ORDERS that the

Recommended Decision After Preliminary Review (ECF No. 7) is hereby AFFIRMED and the Court DISMISSES WITH PREJUDICE the Complaint (ECF No. 1).

The Court further WARNS Dustin Burnham that if he files another civil action against the Portland Housing Authority and/or the Maine State Housing Authority on the same grounds, filing restrictions against him will be in the offing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2024